UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.                                                                          CRIMINAL NO. 1:07CR-1-GNS

KEVIN BRIAN BRAY                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Kevin Brian Bray's <u>pro se</u> Motion for Credit and for Concurrent Sentence (DN 34). Fully briefed, this motion is ripe for a decision. For the following reasons, the Court DENIES the Defendant's motion.

## BACKGROUND

On January 10, 2007, a federal grand jury indicted Kevin Brian Bray ("Bray) on five separate counts relating to the manufacture of methamphetamine in violation of federal law. (Indictment, DN 1). On June 26, 2007, Bray pled guilty to four of the counts in return for the dismissal of the fifth count pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Order, DN 23). On October 26, 2007, the Court imposed a sentence of 240 months for each count to be served concurrently. (Judgment & Confinement Order 3, DN 26).

On February 5, 2008, Bray's counsel moved for an order allowing his federal and state sentences to be served concurrently. (Mot. for Fed. & State Time to Run Concurrently, DN 29). In its response, the United States of America noted that the state sentenced derived from Bray's

parole revocation, that Bray received the statutory minimum term for the counts to which he pled guilty, and that the sentencing guidelines recommend the imposition of consecutive sentences when a defendant is imposed in state court due to a parole revocation. (Resp. to Motion for Fed. & State Time to Run Concurrently 1, DN 31). On April 9, 2008, the Court denied the motion. (Order, DN 32). In denying the motion, the Court noted that the motion was being denied "[i]n light of the significant concessions received by Defendant as part of his plea agreement and in view of the Sentencing Commission's recommendation that sentence be served consecutively in this circumstance . . . ." (Order, DN 32).

## DISCUSSION

In the present motion, Bray requests that the Court enter an order directing that he be given credit for time served pre-sentencing from "January 2007, to [] December 20, 2007", and post-sentencing from "February 6-7, 2008, to [] February 29, 2008 . . . ." He also requests that the Court order his federal sentence to run concurrently with a state sentence.

### A. Request Credit for Time Spent in Custody

Under federal law, the authority to determine credit for pre-sentence detention is delegated to the Attorney General who acts through the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). As Bray notes in his motion, the calculation of any prior custody time credit is outlined in Bureau of Prisons ("BOP") Program Statement 5880.28 and is controlled by 18 U.S.C. § 3585(b). Under that statute, "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General [through the BOP], not the court, who has the authority to calculate sentence credits for time served before sentencing." United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002)

(citing United States v. Wilson, 503 U.S. 329, 333 (1992)). Because Bray has not utilized the administrative procedures, the Court is without jurisdiction to consider his request.

Bray "may seek judicial review of the computation of this credit under 28 U.S.C. § 2241 . . . after he has sought administrative review and has exhausted all of his administrative remedies" through the BOP. United States v. Dowell, 16 F. App'x 415, 420 (6th Cir. 2001). If Bray seeks judicial review of the BOP's decision, he will need to file it with the court having jurisdiction over his custodian.[1] See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

For these reasons, this Court will deny Bray's motion relating to credit for time spent in custody due to his failure to exhaust administrative remedies.

    **B.**    **Request for Concurrent Sentence**

In addition, Bray seeks to have his federal and state sentences run concurrently. As discussed above, Bray's attorney moved for the same relief on February 5, 2008, which this Court denied. Because the Court has previously denied this request, it is barred by res judicata, and the motion will be denied on this basis.

---

[1] Because Bray is not incarcerated in a federal prison in district where this Court is located, this Court would not be the proper place to petition for a writ of habeas corpus under 28 U.S.C. § 2241.

3

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant Kevin Brian Bray's Motion for Credit and for Concurrent Sentence (DN 34) is DENIED.

Greg N. Stivers, Judge
United States District Court

January 22, 2015

cc: counsel of record
Kevin Brian Bray, pro se